1
2
3
4
5
6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

7

BILL M. OGAN,

8                Plaintiff,                    NO.  CV-06-317-RHW

9         v.                                   **ORDER DENYING IN PART,
                                               GRANTING IN PART**
10   SPOKANE COUNTY JAIL, *et al.*,            **DEFENDANTS' MOTION FOR**
                                               **SUMMARY JUDGMENT**
11               Defendants.

12

13

14        Before the Court is Defendants' Motion for Summary Judgment (Ct. Rec.

15   33).  This motion was heard without oral argument.  Plaintiff, who at the time

16   relevant to his Complaint was an inmate at the Spokane County Jail, filed suit *pro*

17   *se* against the Spokane County Jail, Corrections Officer Matthew Milholland,

18   Corrections Officer David Inch, and Sergeant Phil Tyler of the Spokane County

19   Sheriff's Office for violations of his constitutional rights pursuant to 42 U.S.C. §

20   1983.  In his amended complaint, Plaintiff alleges (1) failure to train; (2) failure to

21   perform a duty imposed by law;[1] (3) violation of due process; (4) use of excessive

22   force; (5) callous disregard for his health, safety and welfare; and (6) negligent or

23   reckless disregard for his health and well-being. (Ct. Rec. 14)  All the claims flow

24   from a beating Plaintiff allegedly suffered at the hands of Defendants Milholland

25   _____

26   [1] Plaintiff writes in his reply memorandum to Defendant's motion for summary

27   judgment that he is not pursuing this claim, which revolved around denial of

28   adequate medical care. (Ct. Rec. 45 at 6).

ORDER DENYING IN PART, GRANTING IN PART DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT * 1

and Inch on June 19, 2006.  Plaintiff asks for general, special and punitive damages in an amount to be determined at trial, and reasonable costs and attorney fees.

## I.    Standards of Review

### A.    *Pro Se* Litigant

Because Plaintiff is proceeding *pro se*, the Court will construe his claims for relief liberally. *Ortez v. Washington County,* 88 F.3d 804, 807 (9th Cir. 1996). "The allegations of a *pro se* complaint, however inartfully pleaded, should be held to less stringent standards than formal pleadings drafted by lawyers." *Jones v. Cmty. Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1987) (internal quotations omitted).

### B.    Summary Judgment Standard

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Once a party has moved for summary judgment, the opposing party must point to specific facts establishing that there is a genuine issue for trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  If the nonmoving party fails to make such a showing for any of the elements essential to its case for which it bears the burden of proof, the trial court should grant the summary judgment motion.  *Id.* at 322.  "When the moving party has carried its burden of [showing that it is entitled to judgment as a matter of law], its opponent must do more than show that there is some metaphysical doubt as to material facts. In the language of [Rule 56], the nonmoving party must come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed.R.Civ.Pro. 56(e)) (emphasis in original opinion) (internal citations omitted).

When considering a motion for summary judgment, a court should not

ORDER DENYING IN PART, GRANTING IN PART DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT * 2

weigh the evidence or assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). This does not mean that a court will accept as true assertions made by the non-moving party that are flatly contradicted by the record. *See Scott v. Harris*, – U.S. –, –, 127 S. Ct. 1769, 1776 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.").

## C. Qualified Immunity

Qualified immunity shields government officials performing discretionary functions from civil liability if their actions were objectively reasonable in light of clearly established law at the time they acted. *See Brosseau v. Haugen*, 543 U.S. 194, 198 (2004). The Supreme Court has laid out a two-step inquiry for determining whether a public official enjoys qualified immunity. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). First, a trial court examines the facts alleged in the light most favorable to the plaintiff and determines whether the officer's alleged conduct violated a constitutional right. *Id.* Second, the court must decide whether that right was clearly established at the time of the alleged violation. *Id.* "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 202. If an official's alleged conduct violated a clearly established constitutional right of which a reasonable officer would have known, he is not entitled to qualified immunity. *Id.*

## II. Facts

Because the Court is responding to Defendant's motion for summary judgment, the facts are taken in the light most favorable to Plaintiff, the non-moving party. Defendants' version of the facts are quite different.

ORDER DENYING IN PART, GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT * 3

1    At or about 7:30 a.m., on June 19, 2006, Spokane County Corrections
2  Officers Milholland and Inch let Plaintiff out of his cell so he could shower and
3  shave and otherwise prepare for a jury trial he had later that day. (Ct. Rec. 1).  Both
4  officers knew the prosecution's witnesses were not available and would not be
5  appearing in court.  (P.S.O.F. #3).  Plaintiff took about five minutes to shower.
6  Defendants Milholland and Inch escorted him back to his cell and gave him a razor
7  with which to shave.  (P.S.O.F. #7).

8    Plaintiff had been shaving for about ten minutes when the officers started to
9  taunt him.  "Hurry up, loser. You're as slow as old people," they said.  Plaintiff
10  was still shaving when Defendants Milholland and Inch rushed into his cell and
11  began beating him without reason.  The officers body-slammed him and began to
12  beat him with their fists, elbows and knees.  (Ct. Rec. 1).  Plaintiff suffered a black
13  eye, lacerations and scrapes, bruising, a sprained wrist, and emotional and mental
14  anguish.  (P.S.O.F. #18).

15    Plaintiff spoke with Defendant Tyler of the Spokane County Sheriff's
16  Officer after he was treated for his injuries.  Plaintiff told Tyler he wanted to have
17  photographs taken of his injuries and that he wanted to speak with a police officer
18  so he could file a police report.  "Good luck," Tyler said.  (Ct. Rec. 14).  Another
19  officer later referred to the incident involving Plaintiff, remarking that Plaintiff had
20  been "thumped on."  (P.S.O.F. #9).

21    Two digital video cameras were recording Plaintiff's cell area throughout
22  the attack.  Defendant Tyler conspired with Defendants Milholland and Inch to
23  cover up the video as well as other evidence that would tend to implicate them.
24  (P.S.O.F. # 19-20).

25  ///

26  ///

27  ///

28

**III.    Discussion**

  **A.    Claims Against Defendants Milholland and Inch**

    **1.    Excessive Force**

  The Fourteenth Amendment's Due Process Clause provides the appropriate analysis for a claim that prison officials used excessive force against pretrial detainees. *See Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) ("It is clear . . . that the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment."). The Ninth Circuit has laid out a four-factor test for determining whether a prison official's use of force was excessive, and therefore a due process violation. *See White v. Roper*, 901 F.2d 1501, 1507 (1990). The four factors are (1) the need for the application of force, (2) the relationship between the need and the amount of force that was used, (3) the extent of the injury inflicted, and (4) whether force was applied in a good faith effort to maintain and restore discipline. *Id.*

  Defendants Milholland and Inch argue that they applied force in a good faith effort to restore order.[2] Plaintiff has submitted several affidavits corroborating his version of events and directly contradicting Defendants' version. The most

---

  [2] They allege that Plaintiff had been shaving for approximately 25 minutes when Defendant Milholland walked into his cell, told him time was up, and to hand over the razor. Plaintiff kept shaving slowly, watching the two defendants in his mirror. When Defendant Milholland reached out to take the razor from Plaintiff's hand, Plaintiff pushed his hand away and came at Defendant in an aggressive manner. Defendant Inch then took hold of Plaintiff and forced him to the floor. Plaintiff continued to resist Defendants' lawful attempts to restore order, at one point striking Defendant Milholland in the cheek with his closed fist. Defendants Milholland and Inch eventually got control of the situation and forced Plaintiff onto his stomach, where they handcuffed him. (D.S.O.F. #4-16).

ORDER DENYING IN PART, GRANTING IN PART DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT * 5

significant is from Micha Lexing, an inmate at the Spokane County Jail. He says he saw "two male correction officers rush into cell # 15 and physically tackle an inmate for no apparent reason. After the tackle, I continued to watch both correction officers attack the inmate with both their elbows, knees and fists." He says he later learned that the inmate being beaten was Plaintiff. (Ct. Rec. 46 at 14). Inmate Philip Chen swears to substantially the same story. "I happened to witness two male correction officers standing near cell # 15. Moments later, these two correction deputies abruptly rushed into cell # 15 from which I heard someone yell, 'Get off me!' followed by a loud crash like someone getting body-slammed." (Ct. Rec. 46 at 20). Also significant is the affidavit of Aaron Angstrom. He was in the cell next to Ogan's. He says he heard two officers tell Ogan to "hurry up" and that he was as "slow as old people." "Moments later, the two corrections offices then rushed into Mr. Ogan's assigned cell at the time in which I heard Mr. Ogan yell 'get off me,' abruptly followed by a loud crash that sounded like someone getting body-slammed." (Ct. Rec. 46 at 17).

When viewing the evidence in the light most favorable to Plaintiff, genuine issues of material fact exist. Plaintiff has submitted affidavits from which a reasonable juror could conclude that Defendants Milholland and Inch applied force for no legitimate reason at all, thus failing to satisfy even the first factor in the Ninth Circuit's four-factor test. Summary judgment is inappropriate.

### 2.    Qualified Immunity

Plaintiff has cleared the first *Saucier* hurdle by successfully alleging a deprivation of his Fourteenth Amendment right to be free from the use of excessive force. *See supra*. The only question that remains is whether a reasonable prison guard would have known that the beating Plaintiff allegedly suffered was unlawful.

Defendants' argument for qualified immunity requires accepting their version of facts as true. (Ct. Rec. 34) ("[Plaintiff] was a noncompliant, resistant inmate and the use of force was very measured. A reasonable officer would not

ORDER DENYING IN PART, GRANTING IN PART DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT * 6

have known that this conduct violated the law."). Assuming instead that Plaintiff's version of facts is true, reasonable prison guards in Defendants' place would have known that their conduct was unlawful. The right was clearly established at the time of the alleged violation, and a reasonable prison official would have known that use of excessive force would violate a pretrial detainee's rights. *See, e.g.*, *Watts v. McKinney*, 394 F.3d 710, 711-12 (9th Cir. 2005).

Because Plaintiff has alleged that Defendants violated a constitutional right of which a reasonable officer would have known, Defendants Milholland and Inch are not entitled to qualified immunity.

## B.    Claims Against Spokane County Jail

Defendant Spokane County Jail argues that it is entitled to dismissal for failure to state a claim on which relief can be granted, pursuant to Fed. R. Civ. Pro. 12(b)(6), because § 1983 does not impose *respondeat superior* liability on municipalities. It argues that a municipality can only be held liable if an official policy or a custom is the moving force behind the alleged constitutional violation, and avers that Plaintiff has not alleged such a custom.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor—or in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 691 (1978) (emphasis in original). "[I]t is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694.

Plaintiff alleged failure to train in his Complaint, but did not plead any facts that would entitle him to relief on that claim. In his response memorandum, Plaintiff argues that the Spokane County Jail has a custom of not training its officers in the "continuum ladder of force." He points to the affidavits of Defendants Milholland, Inch and Tyler, and infers from their statements that they have not received such training. In fact, Defendants swore to having received such

ORDER DENYING IN PART, GRANTING IN PART DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT * 7

1  training. (Ct. Rec. 36, ¶19; Ct. Rec. 37, ¶22; and Ct. Rec. 39, ¶22).  Plaintiff has

2  placed no evidence in the record that would refute Defendants' statements.

3  Accordingly, summary judgment is appropriate on this claim.

4      **C.**    **Claims Against Defendant Tyler**

5      Plaintiff alleges that Defendant Tyler refused to help him press charges

6  against Defendants Milholland and Inch.  In his statement of facts, Plaintiff also

7  alleges that Defendant Tyler, along with Defendants Milholland and Inch,

8  destroyed a digital recording of the beating he suffered that day.  The Court

9  assumes these incidents are the root of Plaintiff's claims for (1) callous disregard

10  for his health, safety and welfare; and (2) negligent or reckless disregard for his

11  health and well-being.

12      Defendant Tyler argues that he is entitled to summary judgment because he

13  is listed in his official capacity. Suits against an officer acting in his official

14  capacity, argues Defendant, are just another way of trying to plead an action

15  against the municipality for which the officer is an employee.  Plaintiff does not

16  directly respond to Defendant's argument.  However, his allegation that Defendant

17  covered up a digital recording of the day's attack is against Defendant Tyler in his

18  *individual* capacity.

19      Nonetheless, Defendant Tyler is entitled to summary judgment.  Plaintiff has

20  not placed any corroborating evidence into the record.  Defendant has denied

21  Plaintiff's allegations and submitted an affidavit from Corrections Officer Edee

22  Hunt, the project manager for a Jail remodeling project.  She swears that there was

23  never a digital recording to destroy.  (Ct. Rec. 52) ("That on June 19, 2006, the

24  cameras were in place on 6 West as part of the construction process, but were not

25  operational.").  Even assuming *arguendo* that a digital recording of the incident

26  exists, Plaintiff has placed nothing in the record that would support the finding that

27  Defendant Tyler was responsible for its destruction.

28      Because Plaintiff has not come forward with specific facts showing there is a

ORDER DENYING IN PART, GRANTING IN PART DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT * 8

1    *genuine* issue for trial, summary judgment with respect to all claims against

2    Defendant Tyler is appropriate.

3        **D.    Motions and Amendments Not Properly Before the Court**

4        In his reply memorandum, Plaintiff makes several motions and purports to

5    add a few claims to his Complaint.  Specifically, he moves to (1) strike assertions

6    from Defendant's statement of facts, (2) strike certain exhibits as unauthenticated,

7    and (3) substitute Spokane County as defendant for the Spokane County Jail.  He

8    also asks to amend his complaint, adding a claim of denial of meaningful access to

9    the courts.

10        Even though Plaintiff is appearing *pro se*, he must follow this Court's

11    procedural requirements.  "Pro se litigants must follow the same rules of procedure

12    that govern other litigants."  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

13    This Court informed Plaintiff of that requirement. (Ct. Rec. 15) ("Regardless

14    whether a party is represented by an attorney, the party is responsible for

15    understanding the requirements of the federal and local rules.").

16        However, because Defendants would suffer no prejudice and because

17    Plaintiff is acting *pro se*, this Court construes Plaintiff's requests as a motion to

18    amend his Complaint and grants Plaintiff leave to do so.  *See Lopez v. Smith*, 203

19    F.3d 1122, 1130 (9th Cir. 2000) ("We have repeatedly held that a district court

20    should grant leave to amend even if no request to amend the pleading was made,

21    unless it determines that the pleading could not possibly be cured by the allegation

22    of other facts.").

23        Accordingly, **IT IS HEREBY ORDERED**:

24        1.   Defendants' Motion for Summary Judgment (Ct. Rec. 33) is **GRANTED**

25    **in part, DENIED in part**.

26        2.   Claims against the Spokane County Jail and Defendant Tyler are

27    **dismissed with prejudice**.  However, Plaintiff's claims against Defendants

28    Milholland and Inch shall proceed to trial.

ORDER DENYING IN PART, GRANTING IN PART DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT * 9

3.  The Court grants Plaintiff **leave to amend** his Complaint.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and forward copies to counsel and Plaintiff.

**DATED** this 13th day of November, 2007.

*S/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2006\Ogan\sj.deny.ord.wpd

ORDER DENYING IN PART, GRANTING IN PART DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT * 10