UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BILL M. OGAN,<br><br>    Plaintiff,<br><br>    v.<br><br>MATTHEW MILHOLLAND and DAVID INCH,<br><br>    Defendants. | NO. CV-06-317-RHW<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS,** *INTER ALIA* |

Before the Court is Defendants' FRCP 12(b)(6) Motion to Dismiss (Ct. Rec. 74). The motion was heard without oral argument. Also before the Court is Plaintiff's Second Amended Complaint, (Ct. Rec. 85) which was accompanied by neither written consent from Defendant nor a motion seeking leave to amend.

Defendants' motion argues that Plaintiff's *pro se* amended complaint fails to state a claim on which relief can be granted because it names Defendants Milholland and Inch only in their official capacities, yet fails to identify any official policy or custom which could create official capacity liability. In response, Plaintiff acknowledges this supposed deficiency, but claims that informal discovery is ongoing and states his intention to file another amended complaint when discovery is completed.

### Defendants' FRCP 12(b)(6) Motion to Dismiss

State officials may be liable in their official capacities under § 1983 only where their "action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. Dep't of Social Serv.*, 436 U.S. 658, 691 (1978).

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS,** *INTER ALIA* \* 1

Conversely, "to establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." *Kentucky v. Graham,* 473 U.S. 159, 166 (1985).

Plaintiff's *pro se* amended complaint did not specify whether Defendants Milholland and Inch were named in their personal and/or official capacities. Rather, Plaintiff alleged only that "all acts and or omissions by [Defendants] as alleged here-in were done within the scope of [their] official duties as a officer of the Spokane County Jail." (Ct. Rec. 14). On the basis of this language, Defendants conclude that they are named only in their official capacities.

In reviewing a motion to dismiss for failure to state a claim, the Court must liberally construe a *pro se* litigant's "inartful pleading." *Ortez v. Washington County*, 88 F.3d 804, 807 (9th Cir. 1996). Here, Plaintiff's *pro se* amended complaint fails to make explicit a distinction so fine that it continued to "confuse lawyers and confound lower courts" until the Supreme Court clarified the issue some seven years after *Monell*. *Graham*, 473 U.S. at 165. Where it is unclear from a *pro se* complaint whether defendants are named in their personal or official capacities, a court may conclude that individual defendants were named in their personal capacities. *See, e.g.*, *Soffer v. Costa Mesa*, 798 F.2d 361, 363 (9th Cir. 1986).

The Court finds that Plaintiff's amended complaint alleges facts that, if true, could support a finding of personal capacity liability for Defendants Milholland and Inch. The Court construes the language quoted above from the amended complaint to allege merely that Defendants Milholland and Inch were acting under color of state law. Therefore, the Court finds that the amended complaint states a claim upon which relief can be granted, and Defendants' motion must be denied.

### Plaintiff's Second Amended Complaint

After a responsive pleading has been served, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS,** *INTER ALIA* \* 2

R. Civ. Pro. 15(a)(2). Plaintiff has not filed any written consent from Defendant, nor has Plaintiff sought the court's leave to amend his complaint. In order to bring the Second Amended Complaint properly before the Court, Plaintiff is directed to file a motion seeking leave to amend.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendants' FRCP 12(b)(6) Motion to Dismiss (Ct. Rec. 74) is **DENIED**.

2. Plaintiff is directed to file a Motion for Leave to Amend Complaint no later than **October 10, 2008**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this Order and to furnish copies to counsel.

**DATED** this 3rd day of October, 2008.

*S/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2006\Ogan\deny.12b6.ord.wpd

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS,** *INTER ALIA* * 3