UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BILL M. OGAN,<br><br>    Plaintiff,<br><br>    v.<br><br>MATTHEW MILHOLLAND and DAVID INCH,<br><br>    Defendants. | NO. CV-06-317-RHW<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS FOR A PROTECTIVE ORDER** |

Before the Court are Plaintiff's Motion for Preliminary Injunction (Ct. Rec. 130), Motions to Protect and Seal Civil Case (Ct. Recs. 134 and 138), and Motion to Strike Defendants' Untimely Response to Plaintiff's Request for Injunctive Relief (Ct. Rec. 148). These motions were heard without oral argument.

Plaintiff filed a handwritten motion (construed as a motion for a preliminary injunction) the day of a telephonic pretrial conference (Ct. Rec. 130). The motion alleges that certain unnamed prison guards are mistreating Plaintiff as a result of the instant litigation, and asks the Court to order Plaintiff's transfer to another facility. On September 11, 2009, Plaintiff filed a similar motion, alleging that "identifiable jailers" continue to harass him about this litigation, but that he fears going into detail because his correspondence will be available to the public, including the prison guards at issue (Ct. Rec. 134). He sought to file under seal documents that will substantiate his allegations "in full detail." On September 24, Plaintiff filed a third motion (Ct. Rec. 138) that was substantially identical to the motion he filed on September 11.

**ORDER DENYING PLAINTIFF'S MOTIONS FOR A PROTECTIVE ORDER** * 1

1   Defendants did not respond to any of these motions. On September 28, 2009,
2   the Court directed them to do so no later than October 9, 2009 (Ct. Rec. 141). On
3   October 8, 2009, Defendants filed a memorandum in opposition as well as several
4   affidavits from personnel at Spokane County Jail with personal knowledge of the
5   events at issue. Defendants identify and respond to four allegations in detail,
6   arguing that Plaintiff is not entitled to relief. Plaintiff filed his motion to strike on
7   October 26, 2009, asking the Court to strike Defendants' response for
8   untimeliness, and to strike the individual affidavits for "lack of
9   trustworthyness/credibility" [sic] (Ct. Rec. 148).

10   First, the Court denies Plaintiff's motion to strike because Defendants filed
11  their response before the deadline the Court set. The Court construes Plaintiff's
12  second justification for striking the affidavits as an argument about the facts, not a
13  valid reason to strike.

14   Second, the Court finds that Plaintiff's motions are procedurally improper
15  and denies them on that basis. Plaintiff alleges no misconduct by the Defendants
16  actually named in this lawsuit, but rather directs his motions against other
17  individual jail personnel. Thus, it is unclear whether the Court has jurisdiction to
18  grant Plaintiff the relief he seeks, even if the Court were to determine relief is
19  warranted. Moreover, some of the relief Plaintiff seeks (transferring him to another
20  correctional facility, ordering access to medicine, and protecting him from
21  harassment by jail employees) is outside the scope of Fed. R. Civ. Pro. 26(c), and
22  certainly outside the power of the named Defendants.

23   Third, the Court denies Plaintiff's motions on their merits as well. Plaintiff's
24  motions are difficult to parse because of their jumbled presentation and vague
25  allusions to "identifiable jailers," but the Court finds that Defendants'
26  identification of four discrete allegations is a good starting point. Plaintiff's reply is
27  silent on two of the identified allegations: his housing security classification and
28  the denial of medicine. Defendants provided Spokane County Jail's "Objective Jail

**ORDER DENYING PLAINTIFF'S MOTIONS FOR A PROTECTIVE ORDER** \* 2

Classification" worksheet, which explains the decision to place Defendant in maximum security, and Plaintiff does not continue to quarrel with that classification. Based on that form, it seems that the classification is proper. Defendants also provided an affidavit from a corrections lieutenant who oversees the Jail's medical unit. The lieutenant declares that he investigated Plaintiff's requests for medicine, but that Plaintiff refused to execute an Authorization for Release of Information. Again, Plaintiff does not contest this fact and, accordingly, the Court considers this claim abandoned.

Therefore, it seems that Plaintiff's claims boil down to two: (1) general harassment by "identifiable jailers"; and (2) the Jail's denial of Plaintiff's access to legal materials while he was housed in another unit for 72 hours. The Court finds that the harassment claims are without merit because Plaintiff fails to identify specific dates, events, or individuals, making his claims impossible to evaluate. As for the second claim, the Court finds that it is without merit because Plaintiff was briefly transferred to another unit for good cause, and suffered no harm from being denied access to his legal materials for three days.

Defendants provide an affidavit from corrections Sergeant Hill, who declares that Plaintiff committed three "major infractions" the day before his transfer, and was transferred "pending a disciplinary review by classification." Plaintiff does not dispute any of the facts reported in Sgt. Hill's affidavit or attached report, but argues that the affidavit should be stricken because it conflicts with Sgt. Foster's response to Plaintiff's filed grievance about the transfer. That response merely states that Plaintiff was moved for "reclassification," which is consistent with Hill's declaration that Plaintiff was transferred "pending a disciplinary review by classification." Moreover, Plaintiff does not dispute the fact that he regained access to his legal materials in 72 hours. With the pretrial conference still nearly five months away, the Court finds that no prejudice was caused by this brief denial of access.

**ORDER DENYING PLAINTIFF'S MOTIONS FOR A PROTECTIVE ORDER** * 3

The final issue before the Court is whether the Court should deny public access to the filings in this matter to protect Plaintiff from harassment. Because the Court finds that Plaintiff has failed to support his vague allegations of harassment, the Court denies this request as well.

Finally, the Court notes that in the one-week period since Plaintiff filed his motion to strike, he sent the Court three letters (Ct. Recs. 152 and 154 and a hand-written letter dated November 5, 2009, sent directly to chambers) inquiring about the motion's status. In addition, an unidentified person acting on Plaintiff's behalf called the Court's chambers to inquire about the motion's status. Plaintiff is directed not to contact the Court to check on the status of a pending motion unless he has not received notice of the Court's ruling more than one month past the date the motion was noted for hearing.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Preliminary Injunction (Ct. Rec. 130) is **DENIED.**

2. Plaintiff's Motions to Protect and Seal Civil Case (Ct. Recs. 134 and 138) are **DENIED.**

3. Plaintiff's Motion to Strike Defendants' Untimely Response to Plaintiff's Request for Injunctive Relief (Ct. Rec. 148) is **DENIED**.

4. Plaintiff is directed not to contact the Court to check on the status of a pending motion unless he has not received notice of the Court's ruling more than one month past the date the motion was noted for hearing.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel and Plaintiff.

**DATED** this 10th day of November, 2009.

*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Judge

Q:\CIVIL\2006\Ogan\deny.motions.ord.wpd

**ORDER DENYING PLAINTIFF'S MOTIONS FOR A PROTECTIVE ORDER** * 4