UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BILL OGAN,<br><br>            Plaintiff,<br><br>       v.<br><br>MATTHEW MILHOLLAND and DAVID INCH,<br><br>            Defendants. | NO. CV-06-317-RHW<br><br>**ORDER OF DISMISSAL** |

By previous order, the Court directed Plaintiff to show cause why the above-captioned matter should not be dismissed for failure to prosecute. A telephonic hearing on this matter was held on February 24, 2010. Plaintiff appeared *pro se*; Defendants were represented by Robert Binger.

The Court's previous orders set forth the procedural history of the case, including Plaintiff's numerous failures to comply with Court-ordered deadlines and the numerous continuances the Court has granted upon Plaintiff's motion. When a party fails to comply with a Court order, Fed. R. Civ. P. 37(b)(2) sets forth a number of sanctions available to the Court, including "dismissing the action or proceeding in whole or in part." The Court may also dismiss a matter under Fed. R. Civ. P. 41(b) for failure to prosecute. The Court must consider five factors in determining whether dismissal is appropriate: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226

**ORDER OF DISMISSAL** \* 1

(9th Cir. 2006). The Court finds that these factors weigh in favor of dismissal here.

First, it is clear that Plaintiff's failures to comply with Court-ordered deadlines have unreasonably delayed the prosecution of this case. The case has been pending for over three years. It has now been over a year since the Court permitted appointed counsel to withdraw, and Plaintiff has taken no substantive action to advance his case during that time. In August 2009, the Court continued the trial for six months, until March 22, 2010, and warned Plaintiff that any failures to comply with the amended Scheduling Order may result in dismissal of the case (Ct. Rec. 133). Plaintiff has since failed to comply with all pretrial deadlines, including filing and serving exhibit and witness lists (February 2, 2010); filing objections to Defendants' witness and exhibit lists (February 9, 2010); filing motions in limine (February 9, 2010); designating deposition testimony (February 2, 2010); and filing a joint pretrial order (February 19, 2010). Defense counsel also declares that Plaintiff failed to confer with him regarding the preparation of a joint pretrial order (Ct. Rec. 169).

Plaintiff moves the Court to continue his trial date again, this time because he has entered inpatient drug treatment while incarcerated and believes he will have no access to a law library. With great sincerity, the Court applauds Plaintiff's decision to enter treatment and get his life back on track, and the Court wishes Plaintiff nothing but success in those endeavors. However, Plaintiff's participation in a treatment program does not justify his wholesale failure to comply with pretrial deadlines. Indeed, Plaintiff has filed at least eight documents since he entered inpatient treatment (Ct. Recs. 160-65, 167, 170, and 171), none of which identify the basic information (such as witnesses and exhibits) necessary to try this case. At the hearing on this matter, Plaintiff still could not identify any witnesses he planned to call or exhibits he planned to produce. Given the lengthy history of this case and the Court's repeated warnings to Plaintiff in the past, the Court cannot excuse these failures.

**ORDER OF DISMISSAL** \* 2

Second, just as with the first factor, "delay in reaching the merits, whether by way of settlement or adjudication, is costly in money, memory, manageability, and confidence in the process." *Id.* at 1227. Plaintiff's unjustified failures to participate have made this case unmanageable and have unreasonably wasted the Court's resources.

Third, prejudice to Defendant is presumed where, as here, a party unreasonably delays the process and fails to produce documents as ordered. *Id.* at 1227-28. Late tender of required documents is no excuse. *Id.* Because Plaintiff has not rebutted the presumption of prejudice, this factor weighs conclusively in favor of dismissal.

The fourth factor "lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.* at 1228. By his actions, Plaintiff has unreasonably prevented this case from proceeding to the merits, and therefore he gains little benefit from this factor.

Finally, Plaintiff's failures to comply despite the Court's warning that such failures would lead to dismissal shows that less drastic alternatives would be ineffective. The Court already explored less drastic sanctions by allowing Plaintiff several continuances in light of his *pro se* status and circumstances. Nonetheless, this case is no closer to trial than it was over a year ago. In the face of Plaintiff's failure to participate in the process, the Court sees no alternative to dismissal.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Continue (Ct. Rec. 162) is **DENIED.**
2. The above-captioned matter is **dismissed with prejudice**.

///
///
///
///

**ORDER OF DISMISSAL** * 3

1     **IT IS SO ORDERED.**  The District Court Executive is directed to enter this
2 Order, forward copies to counsel and Plaintiff, and **close the file**.
3     **DATED** this 1st day of February, 2010.

                            *s/Robert H. Whaley*
                           ROBERT H. WHALEY
                       United States District Judge

Q:\CIVIL\2006\Ogan\dismiss.ord.wpd

**ORDER OF DISMISSAL** * 4